**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHAN BROOKS, et al., | ) NO. CV 15-7724-JFW(E) |
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING COMPLAINT |
| PACO-MICHELLE ATWOOD, et al., | ) WITH LEAVE TO AMEND |
| Defendants. | ) |

**BACKGROUND**

Plaintiff Stephan Brooks brings this action individually and as: (1) alleged successor trustee to the Sireaner Townsend Revocable Living Trust dated June 22, 2004 ("Trust"); (2) alleged sole beneficiary of the Trust; (3) alleged sole heir of the Sireaner Townsend Pour Over Will dated June 22, 2004; and (4) alleged heir to the estate of Sherrell Atwood. Plaintiff's claims appear to arise out of a family dispute concerning residential real property which resulted in several state court lawsuits, including a probate case concerning the Sherrell Atwood estate ("Estate Case"), a "Trust Case,"

a "Will Contest Case" and a "Partition Case." Plaintiff alleges that Defendants conspired with state court judges to deprive Plaintiff of the right to the property, which allegedly previously was owned jointly by Plaintiff's mother, Sherrell Atwood, and grandmother, Sireaner Townsend, both now deceased. Plaintiff purports to allege federal civil rights claims and state law claims against:
(1) Plaintiff's sister Paco-Michelle Atwood, individually and as alleged administrator of the estate of Sherrell Atwood;
(2) Chrisangela Walston, allegedly an attorney for Atwood in the "Estate Case" and the "Partition Case"; (3) L'Tanya M. Butler, allegedly an attorney for Atwood in the state court cases; (4) Maurice Smith, Clifford Townsend, Jr. and Steven Townsend, the three petitioners in the "Trust Case" and "Will Contest" cases; (5) Guy Leemhuis, allegedly the attorney for Smith and the two Townsends; (6) Jonnie Johnson Parker, allegedly the attorney for Plaintiff individually and as alleged successor trustee in the "Trust Case"; and (7) ten fictitious "Doe" Defendants.

On December 8, 2015, Defendants Atwood, Walston and Butler filed a "Motion to Dismiss" pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, accompanied by a Request for Judicial Notice. On January 4, 2016, Plaintiff filed an "Application to Extend Time to Serve Leemhuis, Smith, C. Townsend, Jr., S. Townsend, Parker and Butler [sic]." On January 8, 2016, Plaintiff filed: (1) an "Opposition to Atwood, Walston and Butler Motion to Dismiss"; and (2) a Request for Judicial Notice.
///
///

**SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that various Defendants, supposedly in conspiracy with "Co-Conspirator" judges not named as Defendants, filed and pursued "sham" litigation by, among other things, allegedly:

1. filing the "Estate Case" assertedly with knowledge that Sherrell Atwood purportedly had no interest in the property and that Plaintiff allegedly was "the 2/3 heir of Sherrell Atwood";

2. doing nothing to advance the Estate Case;

3. perpetrating a fraud upon the court and obtaining a settlement by threat and coercion;

4. causing the property taxes to become delinquent;

5. filing the allegedly sham "Partition" case over a year after the "Estate Case" supposedly should have been dismissed, assertedly knowing that Maurice Smith allegedly was not an heir of Sireaner Townsend and that the court allegedly lacked jurisdiction;

6. seeking and obtaining eighty continuances over four years in the four cases and refusing to dismiss three of the cases after five years;

7. threatening Plaintiff in order to settle one or more of the state court cases;

8. executing a supposedly incorrect and invalid settlement agreement; and

9. filing the "still open" "Will Contest Case" without intent to pursue the case, allegedly knowing the case purportedly was baseless and "would fail from the outset"

(see Complaint, pp. 22-31).

The "Co-conspirator" state court judges are: (1) Los Angeles Superior Court Judges Mitchell L. Beckloff, David J. Cowan, Michael I. Levanas and Maria E. Stratton; and (2) California Court of Appeal Justices Norman L. Epstein, Audrey B. Collins and Thomas L. Willhite, Jr. Plaintiff alleges that the Superior Court judges wrongfully granted continuances in the state cases over a four-year period "at the behest of Defendants," refused to decide jurisdictional motions to dismiss, refused to dismiss cases "when mandatorily bound by five year statutes," and refused to close and distribute the estate of Sherrell Atwood "when bound to do so by statute" (id., p. 21). Plaintiff also alleges that the Superior Court judges: (1) received "retroactive immunity pursuant to SBX 2 11 from California criminal prosecution, civil liability and disciplinary action for taking payments from LA County while sitting as [judges] prior to July 1, 2008"; (2) received allegedly illegal payments which they assertedly failed to disclose; and (3) were biased because Los Angeles County assertedly would benefit from increased tax revenue purportedly to be gained from a court-ordered sale of the property (see Complaint, pp. 10-14).
///

Plaintiff alleges that Court of Appeal Justices Epstein and Willhite: (1) received "retroactive immunity pursuant to SBX 2 11 from California criminal prosecution, civil liability and disciplinary action for taking payments from LA County while sitting as [Superior Court judges] prior to July 1, 2008"; (2) received allegedly illegal payments which they assertedly failed to disclose; and (3) failed to disclose that Superior Court judges assertedly had engaged in fraud by taking payments from Los Angeles County during the "Partition Case" (id., pp. 15-17). Plaintiff alleges that the appellate justices: (1) signed appellate opinions assertedly knowing that Paco-Michelle Atwood supposedly did not contest that the Superior Court judges allegedly had engaged in fraud by taking purportedly illegal payments from the County; and (2) failed to address Plaintiff's challenges to the Superior Court's jurisdiction (id., pp. 14-17). Justice Collins allegedly violated the Code of Judicial Ethics by failing to disclose that she had been a Los Angeles County district attorney and that, during her tenure as Presiding Judge of this Court, she assertedly allowed United States District Judges who were former Superior Court Judges to receive the aforesaid "retroactive immunity" (id., pp. 15-16).

The Complaint pleads five claims for relief, styled "causes of action." The First Cause of Action attempts to state a claim for deprivation of due process under 42 U.S.C. section 1983. Defendants allegedly: perverted and obstructed justice through delays, "fraud" on the court and "bias"; took the property without due process; and denied Plaintiff equal protection "by threats and intimidation" (id., p. 32). The Second Cause of Action attempts to state a claim for

conspiracy to deprive Plaintiff of equal protection in alleged violation of 42 U.S.C. section 1985(2). The Third Cause of Action purportedly asserts a claim for declaratory and injunctive relief. The Fourth and Fifth Causes of Action assert purported state law claims for intentional and negligent infliction of emotional distress, respectively.

Plaintiff seeks damages, the setting aside of Superior Court order which determined ownership of the property and mandated the sale of the property, and an injunction restraining Defendants from engaging in any action to sell the property or to acquire or share any proceeds from the sale of the property.

**MOVING DEFENDANTS' CONTENTIONS**

Defendants Atwood, Walston and Butler contend:

1. Defendants allegedly are not "state actors" within the meaning of 42 U.S.C. section 1983;

2. The action allegedly is barred by the "Rooker-Feldman" doctrine;[1] and

3. Plaintiff's claims allegedly are barred by principles of res judicata and collateral estoppel.

---

[1] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

**REQUESTS FOR JUDICIAL NOTICE**

The moving Defendants seek judicial notice of: (1) the Superior Court's "Order for Probate" filed on March 13, 2007, in <u>Estate of Sherrell Atwood</u>, Los Angeles Superior Court case number BP102484; (2) a complaint for partition, accounting and declaratory relief filed on April 12, 2013, in <u>Atwood v. Brooks</u>, Los Angeles Superior Court case number BC505725; (3) an "Order on Motion for Summary Adjudication" filed on September 16, 2014, in <u>Atwood v. Brooks</u>, Los Angeles Superior Court case number BC505725;[2] (4) the decision of the California Court of Appeal in <u>Atwood v. Brooks</u>, California Court of Appeal case number B258407;[3] and (5) the "Interlocutory Judgment Re: Reimbursements and Attorneys Fees" filed on July 3, 2015, in <u>Atwood v. Brooks</u>, Los Angeles Superior Court case number BC505725.

Plaintiff seeks judicial notice of case summaries (dockets) for <u>Estate of Sherrell Atwood</u>, Los Angeles Superior Court case number BP102484, and <u>Atwood v. Brooks</u>, Los Angeles Superior Court case number BC505725.

///
///

---

[2] This Order ruled in favor of Paco-Michelle Atwood as Administrator of the Estate of Sherrell Atwood and mandated a partition by sale of the property.

[3] This decision affirmed the September 16, 2014 summary adjudication by the Superior Court. <u>See</u> <u>Atwood v. Brooks</u>, 2015 WL 5029639 (Cal. App. Aug. 25, 2015). Among other things, the Court of Appeal rejected Plaintiff's arguments that Atwood delayed unreasonably in filing a probate action and that the Superior Court judges should have been disqualified because they purportedly received unauthorized employment benefits.

7

1    The Court grants the parties' requests for judicial notice. See
2 F. R. Evid. 201.

## STANDARDS GOVERNING MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Court must accept as true all non-conclusory factual allegations in the complaint and must construe the complaint in the light most favorable to the plaintiff. Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 989 (9th Cir. 2009). "Generally, a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion." Intri-Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (citation and footnote omitted). The Court may consider "only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

The Court may not dismiss a pro se complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Karim-Panahi v. Los

8

1  Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) (citations and
2  quotations omitted); see also Lopez v. Smith, 203 F.3d 1122, 1130 (9th
3  Cir. 2000) (en banc) (district court should grant leave to amend
4  "unless it determines that the pleading could not possibly be cured by
5  the allegation of other facts") (citation and internal quotations
6  omitted).

**DISCUSSION**

**I.  The Court Lacks Jurisdiction to Issue Orders Probating or Annulling a Will, Administering an Estate or Disposing of Property in the Custody of a State Probate Court.**[4]

Under the "probate exception" to federal subject matter jurisdiction, a federal court lacks jurisdiction to probate or annul a will, administer an estate or dispose of property in the custody of a state probate court. Marshall v. Marshall, 547 U.S. 293, 311-12 (2006); see Harris v. Zion Sv. Bank & Trust Co., 317 U.S. 447, 450 (1943) ("the settlement and distribution of decedents' estates and the right to succeed to the ownership of realty and personalty are peculiarly matters of state law"); Sutton v. English, 246 U.S. 199, 208 (1918) (federal court lacked jurisdiction over suit to annul a will); Wisecarver v. Moore, 489 F.3d 747, 751 (6th Cir. 2007) (challenge to provisions of will barred by probate exception); In re Robert G. Wallace Trust v. Schaub, 2014 WL 5473544, at *5 (E.D. Cal.

---

[4]  The Court may raise the issue of subject matter jurisdiction sua sponte. See WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1135 (9th Cir. 1997) (en banc).

9

Oct. 23, 2014) (court lacked jurisdiction to determine validity of testamentary provision in trust); Morin v. Blevins, 2007 WL 4557108, at *3 (E.D. Cal. Dec. 21, 2007) (court lacked jurisdiction to construe trust instruments and to order accounting).[5] Plaintiff's documents show that Estate of Sherrell Atwood remains pending and that a hearing on an order to show cause re final distribution is set for October 4, 2016. To the extent Plaintiff seeks to have this Court annul a will or issue orders regarding the disposition of property under the control of the state probate court, this Court lacks jurisdiction to grant such relief.

## II. Plaintiff Has Failed to State a Claim Under Section 1983.

To state a claim under section 1983, a plaintiff must allege facts plausibly showing that a defendant acted under color of state law when doing the challenged acts. Parratt v. Taylor, 451 U.S. 527, 535 (1981) (section 1983), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); Haygood v. Younger, 769 F.2d 1350, 1353 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986) (section 1983); see generally Ashcroft v. Iqbal, 556 U.S. at 678. "[P]rivate parties are not generally acting under color of state law." Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991), cert. denied, 503 U.S. 938 (1992); see also Johnson v. Knowles, 113 F.3d 1114, 1118 (9th Cir.), cert. denied, 522 U.S. 996 (1997). The Court must "start with

---

[5] In the Ninth Circuit, the probate exception applies in federal question cases as well as in diversity cases. See Marshall v. Marshall, 392 F.3d 1118, 1132 (9th Cir. 2004), rev'd on other grounds, 547 U.S. 293 (2006); see also Hassanati v. International Lease Fin. Corp., 51 F. Supp. 3d 887, 895 (C.D. Cal. 2014).

10

the presumption that private conduct does not constitute governmental action." See Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (citation omitted). To avoid dismissal, Plaintiff must have pleaded facts sufficient to raise a reasonable inference that Defendants were state actors. See Caviness v. Horizon Community Learning Center, Inc., 590 F.3d 806, 808, 818 (9th Cir. 2010).

The Ninth Circuit generally employs four tests in determining when a private party's actions amount to state action: (1) the public function test; (2) the state compulsion test; (3) the government nexus test; and (4) the joint action test. See Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003); Johnson v. Knowles, 113 F.3d at 1118; see generally Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295-96 (2001); Lugar v. Edmondson Oil Co., 457 U.S. 922, 937-939 (1982). The "public function" and "joint action" tests "largely subsume the state compulsion and governmental nexus tests because they address the degree to which the state is intertwined with the private actor or action." Naoko Ohno v. Yuko Yasuma, 723 F.3d 984, 995 n.13 (9th Cir. 2013).

**A.  Public Function Test**

Under the public function test, state action may be present if a private party or entity exercises powers traditionally reserved exclusively to the state. See Rendell-Baker v. Kohn, 457 U.S. 830 (1982) ("the question is whether the function performed has been 'traditionally the exclusive prerogative of the State'"; original

11

emphasis; citation omitted); Kirtley v. Rainey, 326 F.3d at 1093 ("The public function test is satisfied only on a showing that the function at issue is 'both traditionally and exclusively governmental'") (citation omitted). Defendants' alleged actions with respect to the prosecution of probate proceedings and estate-related litigation concerning real property do not encompass the exercise of powers traditionally reserved exclusively to the state. See Naoko Ohno v. Yuko Yasuma, 723 F.3d at 996 (litigant's use of state statute to attempt to enforce foreign judgment in California did not satisfy the "public function" test; "[a]lthough the court assuredly performs a public purpose, a private individual seeking a remedy from a court is seeking gain for him or herself, a purely private act").

**B.   State Compulsion Test**

State action may be found under the state compulsion test where the state has "exercised coercive power or has provided such significant encouragement, either overt or covert, that the [private actor's] choice must in law be deemed to be that of the state." Blum v. Yaretsky, 457 U.S. 991, 1004 (1982); Kirtley v. Rainey, 326 F.3d at 1094 ("The compulsion test considers whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action. [citation]."). However, "[m]ere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives." Blum v. Yaretsky, 457 U.S. at 1004-05; see Johnson v. Knowles, 113 F.3d at 1119-20 (where state law did not compel or encourage allegedly discriminatory removal of political

12

party committee members, state law authorization to remove members for legitimate reasons "cannot convert the Committee's alleged discriminatory removal into state action").

In the Complaint, Plaintiff alleges, at most, the "private misuse" of state law, which is not action attributable to the state. See Seattle Fishing Servs. LLC v. Bergen Industries and Fishing Co., 242 Fed. App'x 436, 438 (9th Cir. 2007) (obtaining writs of garnishment from court clerk did not render private parties state actors; citing Lugar v. Edmondson Oil Co., 457 U.S. at 941).

   C.   **Government Nexus Test**

Under the government nexus test, a court must consider whether there is a sufficiently close nexus between the state and the challenged actions such that the defendants' actions may "be fairly treated as [those] of the State itself." Johnson v. Knowles, 113 F.3d at 1120 (citation and internal quotations omitted). The court may consider whether state actors dominated decision making, whether the private party's funds were supplied by state institutions, and whether the private party is acting in lieu of a traditional state actor. See Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 955 (9th Cir. 2008) (en banc); see also Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. at 298-303 (organization which regulated interscholastic sports among public and private high schools was a state actor; public schools accounted for 84% of membership, organization was "overwhelmingly composed of public officials" acting in their official capacities, state board of education members served

on organization's board of control and legislative counsel, and organization's ministerial employees were eligible for membership in state retirement system).

As indicated above, the conducting of state court litigation does not render the litigants state actors. An action "between private parties does not involve state action simply because the court in which the case is pursued is an organ of the state or federal government." Naoko Ohno v. Yuko Yasuma, 723 F.3d at 996. Plaintiff fails to allege any facts plausibly showing that the asserted actions of Defendants in connection with estate, trust, partition, and/or will contest litigation among private parties may fairly be treated as actions of the state under the government nexus test. Nor does the allegation that the state court appointed Atwood as personal representative suffice. See Witte v. Young, 2015 WL 5232681, at *4 (E.D. Cal. Sept. 8, 2015) (court-appointed personal representative of estate is not a state actor for purposes of section 1983, citing cases); see generally Polk County v. Dodson, 454 U.S. 312 (1981) (court-appointed public defender does not act under color of law in performing function as criminal defense counsel).

**D. Joint Action Test**

The joint action test focuses on "whether the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity." Kirtley v. Rainey, 326 F.3d at 1093 (citation and internal quotations omitted). "The lynchpin of a finding of

14

'joint action' is the existence of 'a substantial degree of cooperative action.'" Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d at 960 (citation omitted). "Thus, the joint action test will be satisfied when the actions of the state and the private party are intertwined or the parties have a symbiotic relationship." Id. (citation omitted).

The joint action test is satisfied when a plaintiff plausibly shows an agreement or conspiracy between a government actor and a private party. Id. (citations omitted). "To be liable as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights." Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002) (citations omitted). "Establishing liability for a conspiracy between a private actor and a state actor is no different from establishing liability for a conspiracy between two state actors." Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010), cert. denied, 562 U.S. 1135 (2011). "The plaintiff must show an agreement or meeting of the minds to violate constitutional rights, and to be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Id. (citation, internal quotation and brackets omitted). Conclusory allegations of conspiracy with a state actor are insufficient. Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003).
///
///
"Merely resorting to the courts and being on the winning side of

15

a lawsuit does not make a party a co-conspirator . . . with the judge." Naoko Ohno v. Yuko Yasuma, 723 F.3d 984 at 996 (quoting Dennis v. Sparks, 449 U.S. 24, 28 (1980); internal quotations omitted) (litigant's use of state statute to attempt to enforce foreign judgment in California did not satisfy the "joint action" test); see also Witte v. Young, 2015 WL 5232681, at *4 (allegations that probate court encouraged defendants to file a vexatious litigant motion and entertained defendants' law and motion matters insufficient). Although Plaintiff appears to allege that judges and appellate justices acquiesced in the alleged wrongdoing of the private party Defendants, "[a]ction taken by private entities with the mere approval or acquiescence of the State is not state action." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 52 (1999) (citations omitted); see also Schucker v. Rockwood, 846 F.2d 1202, 1204-05 (9th Cir.), cert. denied, 488 U.S. 995 (1988) (judge's acceptance of defendants' arguments in state court litigation and issuance of orders favorable to defendants did not make the judge a conspirator rendering defendants state actors). Plaintiff's allegations that the judges supposedly were biased in favor of the County also do not suffice. See Fine v. Sheriff of Los Angeles County, 356 Fed. App'x 998, 999 (9th Cir. 2009), cert. denied, 560 U.S. 927 (2010) (allegation that judge received employment benefits from the county insufficient to show judicial bias; judge's receipt of benefits "did not give him a direct personal, substantial pecuniary interest in the matter or so personally embroil[] the judge that he could not preside impartially") (citations and internal quotations omitted). Plaintiff's conclusory allegations that the Defendants purportedly acted in concert with state judicial officers are insufficient to state any claim that

16

Defendants acted under color of law.  See Simmons v. Sacramento County Superior Court, 318 F.3d at 1161; see generally Ashcroft v. Iqbal, 556 U.S. at 678.

The foregoing discussion applies equally to the non-moving Defendants, all of whom are private parties who have not yet appeared in this action.  See Silverton v. Dep't of the Treasury, 644 F.2d 1341, 1345 (9th Cir.), cert. denied, 454 U.S. 895 (1981) (sua sponte dismissal of action as against nonappearing defendant appropriate where that defendant was "in a position similar to that of moving defendants or where claims against such defendants are integrally related").

In sum, Plaintiff has failed to state a claim that any Defendant was acting under color of law while engaging in the alleged wrongdoing.  Hence, Plaintiff has failed to state a claim under section 1983 as to any Defendant.

**III. Plaintiff Has Failed to State a Claim Under Section 1985(2).**

To state a claim under 42 U.S.C. section 1985(2), a plaintiff must allege facts plausibly showing a conspiracy motivated by class-based, invidious animus.  See Portman v. County of Santa Clara, 995 F.2d 898, 909 (9th Cir. 1993); see generally Ashcroft v. Iqbal, 556 U.S. at 678.  Plaintiff alleges no facts plausibly showing any such conspiracy.

///

17

**ORDER**

For the foregoing reasons, the Complaint is dismissed with leave to amend. Given the Complaint's failure to state any federal claim that might furnish a basis for this Court's jurisdiction, the Court declines to rule on the other issues raised in Defendants' Motion to Dismiss. Plaintiff's application for an extension of time to serve unserved Defendants is denied without prejudice for the same reason.

If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a First Amended Complaint. The First Amended Complaint shall be complete in itself. It shall not refer in any manner to the Complaint. Failure to file timely a First Amended Complaint may result in the dismissal of this action. See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court order); Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 552 U.S. 985 (2007) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and where court had given plaintiff notice of the substantive

///
///
///
///

problems with his claims); Plumeau v. School District #40, County of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

IT IS SO ORDERED.

DATED: January 19, 2016

　　　　　　　　　　　　/s/ John F. Walter
　　　　　　　　　　　　JOHN F. WALTER
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

PRESENTED this 15th day of January, 2016 by:

　　　　　/S/
　　CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

19